ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. MANUEL A. FERNANDEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1137-L |
| | § | |
| CITIBANK (SOUTH DAKOTA), N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion to Compel Arbitration and Stay Proceedings, filed July 21, 2005 and Plaintiff's Plea in Abatement and Motion to Compel Discovery, filed August 9, 2005. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, these motions were referred to the United States magistrate judge for proposed findings and recommendation. On November 3, 2005, the Report and Recommendation of the United States Magistrate Judge was filed wherein the magistrate judge recommended that Defendant's Motion to Compel Arbitration be granted, to which Plaintiff filed objections on November 9, 2005. The court subsequently recommitted the matter to the magistrate judge, specifically for the purpose of making express findings regarding Plaintiff's Plea in Abatement and Motion to Compel Discovery. *See* Order, Nov. 22, 2005. On January 24, 2006, the Report and Recommendation of the United States Magistrate Judge was filed wherein the magistrate judge recommended that Plaintiff's Motion to Compel Discovery and Plea in Abatement be denied, to which Plaintiff filed objections on February 2, 2006. Defendant filed a response to Plaintiff's objections on February 10, 2006.

Memorandum Opinion and Order – Page 1

I.  **Background**

This case arises following a dispute between a credit cardholder and the bank which issued the credit card. Plaintiff Dr. Manuel Fernandez, Jr. ("Plaintiff" or "Fernandez") filed a lawsuit against the issuing bank, Defendant Citibank (South Dakota), N.A. ("Defendant" or "Citibank") regarding a disputed charge after he used the credit card to reserve lodging at an inn in Switzerland. Defendant removed the case to this court and filed a motion to compel arbitration, based on an arbitration provision contained in a notice of change in the terms and conditions of the original credit card agreement. *See* Exh. A to Def. App. in Support of Def. Mot. to Compel Arb. and Exh. 3 thereto. Plaintiff opposed arbitration and sought discovery.

II. **Reports and Recommendations of Magistrate Judge and Plaintiff's Objections**

A. **The November 3, 2005 Report and Plaintiff's Objections**

In his November 3, 2005 Report, the magistrate judge recommended that Defendant's Motion to Compel Arbitration be granted and that the dispute between the parties be submitted to binding arbitration.* The magistrate judge based his recommendation on his finding that the arbitration provision in Plaintiff's credit card agreement is valid and enforceable and therefore, under well-established law, the dispute must be submitted to binding arbitration. *See* November 3, 2005 Report (and cases cited therein). In so finding, the magistrate judge addressed and expressly rejected Plaintiff's arguments against enforcing the agreement to arbitrate. Plaintiff bases his November 14, 2005 Objections to the magistrate judge's November 3, 2005 Report on the same arguments. Having carefully reviewed Plaintiff's November 14, 2005 Objections to the November 3, 2005 Report, along

---

*As already stated above, in his November 3, 2005 Report, the magistrate judge made no findings or recommendations pertaining to Plaintiff's Plea in Abatement and Motion to Compel Discovery.

**Memorandum Opinion and Order – Page 2**

with the November 3, 2005 Report, and having conducted a *de novo* review of the pleadings, file and record in this case, the court **overrules** Plaintiff's Objections to the magistrate judge's recommendation that the court grant Defendant's Motion to Compel Arbitration for the same reasons as those articulated by the magistrate judge in his November 3, 2005 Report. Additionally, the court **overrules** Plaintiff's Objections, as they are based on decisions from other jurisdictions. To the extent these cases even support Plaintiff's arguments, none of these decisions is binding on this court.

### B. The January 24, 2006 Report and Plaintiff's Objections

In his January 24, 2006 Report, the magistrate judge recommended that Plaintiff's Motion to Compel Discovery and Plea in Abatement be denied, as Plaintiff had not established that discovery was necessary in this case prior to an entry of an order compelling arbitration. The magistrate judge, in a well-reasoned analysis, specifically rejected Plaintiff's argument that he should be entitled to discovery as to: (1) why the non-acceptance procedure for rejection of the arbitration provision differed from the procedure set forth in the original agreement; (2) the identity of persons involved in drafting the arbitration clause and those responsible for the specific clause which provided that "Arbitration Procedures are Simpler and More Limited Than Court Procedures"; and (3) the circumstances under which Defendant decided to impose arbitration for resolution of disputes. *See* January 24, 2006 Report (and cases cited therein). In so finding, the magistrate judge carefully addressed and expressly rejected Plaintiff's arguments that he be permitted to conduct discovery in this case prior to entry of an order compelling arbitration. These same arguments form the basis of Plaintiff's February 2, 2006 Objections to the magistrate judge's January 24, 2006 Report. Having carefully reviewed Plaintiff's February 2, 2006 Objections, and having conducted

a *de novo* review of the pleadings, file and record in this case, the court **overrules** these objections for the same reasons as those articulated by the magistrate judge in his January 24, 2006 Report.

### III. Conclusion

After a careful review of the magistrate judge's findings and conclusion, the court determines them to be **correct**, and they are hereby **accepted** as those of the court. For the reasons stated in the magistrate judge's November 3, 2005 Report and his January 24, 2006 Report, the court **grants** Defendant's Motion to Compel Arbitration and Stay Proceedings and **denies** Plaintiff's Plea in Abatement and Motion to Compel Discovery. The court **orders** the parties to arbitrate this matter in accordance with the provisions of the parties' arbitration agreement.

Having determined that all of the issues raised by the parties must be submitted to binding arbitration, and finding no other reason to retain jurisdiction over this matter, the court, rather than staying this action, **dismisses** it **with prejudice** in favor of arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). All other motions pending in this action are hereby **denied as moot**.

**It is so ordered** this 17th day of February, 2006.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**